# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50457 | **DATE** | 4/12/2004 |
| **CASE TITLE** | U.S.A. vs. GLEN EKBERG | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion to strike defendant's jury demand is granted and defendant's motion for trial by jury is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | | 38 |
| | Notified counsel by telephone. | | APR 12 2004 date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 4-13-04 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, United States of America, brings this action against defendant, Glen Ekberg, pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA") seeking recovery of response costs incurred in connection with the release or threatened release of hazardous substances and a declaratory judgment, under CERCLA sections 107 and 113 (g) (2), 42 U.S.C. §§ 9607 (a), 9613 (g) (2), that defendant shall be liable for all future response costs incurred by plaintiff in connection with the site in question. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1345. Defendant filed a jury demand and a motion for trial by jury pursuant to Fed. R. Civ. P. 38 (b) and 39 (b) respectively. Plaintiff moves to strike the jury demand.

A party is entitled to a jury trial in a civil action where the Seventh Amendment or statute provides such a right. See Tull v. United States, 481 U.S. 412, 417 (1987). CERCLA does not expressly provide a right to a jury trial for actions by the government to recover response costs or to impose liability for future response costs. The Seventh Amendment provides a right to jury trial in "suits at common law" where the value in controversy exceeds twenty dollars. U.S. CONST. amend. VII. "Suits at common law" include actions that are analogous to suits that would have been brought in the law courts rather than courts of equity or admiralty prior to the Amendment's adoption. See Tull, 481 U.S. at 417. Actions analogous to equity actions do not require a jury trial. Id.

It is fairly well settled that a government action to recover response costs under 42 U.S.C. § 9607 is an equitable action seeking "restitution or reimbursement of the costs it expended in order to respond to the health and environmental danger presented by hazardous substances." United States v. Northeastern Pharmaceutical & Chemical Co., Inc., 810 F.2d 726, 749 (8th Cir. 1986), cert. denied, 484 U.S. 848 (1987); see also, Hatco Corp. v. W.R. Grace & Co.-Conn., 59 F.3d 400, 412 (3rd Cir. 1995); State of New York v. Lashins Arcade Co., 91 F.3d 353, 362 n.7 (2nd Cir. 1996) (collecting cases); Consolidated City of Indianapolis v. Union Carbide Corp., No. 1:02-CV-1340-LJM-WTL, 2003 WL 22327833 *1-2 (S. D. Ind. Oct. 8, 2003); Metal Processing Co., Inc. v. Amoco Oil, Inc., 173 F.R.D. 244, 245-46 (E.D. Wisc. 1997). The court "sees no reason to re-examine and re-evaluate [this] well-settled authority." Consolidated, 2003 WL 22327833 at *2.

For the foregoing reasons, plaintiff's motion to strike defendant's jury demand is granted and defendant's motion for trial by jury is denied.